UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

JANE DOE, a minor child,
by and through her parents and natural guardians,
JOHN DOE and JANET DOE,

     Plaintiff,

vs.

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY, FLORIDA

     Defendant.
_____/

**COMPLAINT**

Plaintiff, Jane Doe,[1] a minor, ("Plaintiff") by and through her Guardians John Doe and Janet Doe ("Plaintiff's Parents") sues Defendant, The School Board of Miami-Dade County, Florida (the "School Board" or "Defendant"), and alleges as follows:

**I.    NATURE OF CASE, JURISDICTION, AND VENUE**

1. This action concerns the lewd and lascivious molestation and battery of Plaintiff by three of her fellow classmates, during Plaintiff's time at Howard D. McMillan Middle School ("McMillan Middle"), while she was 11 years old. The administration at McMillan Middle had frequently been notified of inappropriate behavior directed at Plaintiff by fellow students prior to the event.

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because

---

[1] Plaintiff brings this case anonymously to protect her identity, because the subject sexual misconduct occurred while Plaintiff was a minor. Plaintiff fears further injury and harm if her identity as a sex abuse victim becomes publicly known. Plaintiff's identity, however, is or will be made known to Defendant upon its appearance in this action.

Plaintiff sues Defendant pursuant to 20 U.S.C. § 1681 and 42 U.S.C. § 1983.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant resides in, and the events and omissions giving rise to this action occurred within, the Southern District of Florida.

## II. PARTIES AND OTHER RELEVANT NON-PARTIES

4. Plaintiff was born in November of 2004. Plaintiff was at all relevant times a resident of Miami-Dade County, Florida, a student at McMillan Middle, and a minor.

5. Defendant, the School Board, is a political subdivision or agency of Miami-Dade County, Florida. It has received, and continues to receive, federal financial assistance under Title I of the Elementary and Secondary Education Act of 1965, 20 U.S.C. § 6301 *et seq*. Defendant, acting through its officials, administrators, employees, agents, and representatives, manages, operates, controls, and supervises Miami-Dade County Public Schools (the "School District"), including McMillan Middle. Defendant's responsibilities include, but are not limited to, hiring, firing, transferring, suspending, disciplining, and directing the work of public school personnel, its students, and collaborating with the Superintendent and the Principals of the School District regarding same.

6. In addition, Defendant has adopted rules and regulations for the School District, such as the School Board Rules of Miami-Dade County, Florida. The School Board has also set policies and procedures for the School District, inclusive of the School Board of Miami-Dade County Bylaws & Policies. Defendant is responsible for enforcing and ensuring compliance with federal and Florida law and its own rules, regulations, policies, and procedures, including those related to sexual discrimination against students.

7. The Superintendent of the School District is Defendant's secretary and executive officer. Among other things, the Superintendent is responsible for the administration and

management of the public schools in the School District. This includes, but is not limited to, hiring, firing, transferring, suspending, disciplining, and directing the work of public school personnel, its students, and collaborating with Defendant and the Principals and Assistant Principals of the School District regarding same. The Superintendent is also responsible for enforcing and ensuring compliance with federal and Florida law and the School Board's rules, regulations, policies, and procedures, including those related to sexual discrimination against students by teachers.

8. Since September 2008, the Superintendent of Miami-Dade Public Schools has been Alberto Carvalho.

9. Each public school in the School District has a Principal and at least one Assistant Principal, who are the administrative and supervisory heads of each school. Among other things, the Principal and Assistant Principals (as well as each school's teachers) are responsible for enforcing and ensuring compliance with federal and Florida law and the School Board's rules, regulations, policies, and procedures, including those related to sexual discrimination against students by fellow classmates. The Principal and Assistant Principals are also involved in the suspending, expelling, transferring, and disciplining of students at the school.

10. At all relevant times the Principal at McMillan Middle School was Ms. Hilca Thomas. The Assistant Principals at all material times were Mr. Joel Diaz ("Diaz") and Ms. Amy Abate.

11. The Miami-Dade Schools Police Department ("Schools Police") is a law enforcement agency for Miami-Dade County serving the School District and employed by Defendant. The Schools Police and its officers, agents, employees, and representatives are the guardians of a safe learning environment for students, staff, and employees of the School District. Among other things, the Schools Police is responsible for enforcing and ensuring compliance with

federal and Florida law and the School Board's rules, regulations, policies, and procedures, including those related to sexual discrimination against students.

12.     At all relevant times, each agent, employee, representative, official, administrator, and teacher of Defendant, including its members, the Superintendent, the Principals, the Assistant Principals, the teachers, and the Schools Police, was the authorized agent of the other and of Defendant and each was acting within the course, scope, and authority of such agency. Additionally, each of the foregoing individuals and entities, authorized, ratified, or affirmed each act or omission of any other of the foregoing individuals or entities.

### III.   FACTS

13.     Beginning in or around August 2016, Plaintiff started her sixth-grade year at McMillan Middle. Plaintiff was on a shared time schedule, splitting her education time between her home and school due to a previous traumatic brain injury. The administration at McMillan Middle was aware of Plaintiff's past medical history.

14.     On October 19, 2016 Plaintiff was sexually assaulted and battered by three of her male classmates in a staircase at McMillan Middle, a blind spot for security cameras. Plaintiff was helpless as she was knocked to the ground, was held down by multiple attackers, had her eyes gouged, was repeatedly kicked and punched in her stomach and ribs, as they fondled her breasts under her shirt, grabbed her butt, and pulled on her clothes.

15.     The administration of McMillan Middle had been alerted on multiple occasions that Plaintiff was being sexually harassed and receiving threats from her fellow classmates. Specifically:

   a. On August 22, 2016, two classmates were talking loudly about Plaintiff's breasts, stating "look at how big her boobs are" several times and using a slang word for breasts while stating that hers were large.  The incident was reported to Ms.

    Gonzalez, who told Plaintiff that it was good that Plaintiff told the boys to stop and that they were probably trying to be Plaintiff's friends.

b. On August 23, 2016, two boys again were talking out loud about the size of Plaintiff's breasts. The incident was reported to school counselor, Ms. Alvarez, and Plaintiff wrote a statement as to what happened, which included identifying a witness. Nothing was done as a result.

c. On August 24, 2016, the same boy involved in the two prior incidents continued to speak loudly about the size of Plaintiff's breasts. The boy was making the comments loudly to a group of about 15 students. The incident was reported to a school counselor and assistant principal. There were witnesses to the bullying. Plaintiff wrote a statement identifying the witnesses, and Plaintiff and her mother met with the assistant principal to report the incident.

d. On August 25, 2016, two girls were intentionally laughing loudly and pointing at Plaintiff. The incident was reported to Ms. Alvarez and Assistant Principal Blum.

e. On August 31, 2016, Plaintiff was walking to her class when another boy stuck his finger in her face and said he doesn't like her and that "you suck". Plaintiff's parents met with Assistant Principal Diaz and teacher Mr. Villoria about the incident. AP Diaz claimed he spoke to the kids Plaintiff identified as the harassers, and that he believed the students when they denied harassing Plaintiff because the students were in the Magnet program. AP Diaz told Plaintiff she should take different route to avoid the students.

f. On September 1, 2016, Plaintiff was mocked and audibly laughed at by office aides, who said "how pathetic" in response to her being subject to bullying. The story of the August 31st incident had already traveled around the school,

subjecting Plaintiff to collateral harassment. Plaintiff's parents once again alerted AP Diaz of the harassment. Diaz avoided confronting any of the offenders.

g. On September 9, 2016, Plaintiff was antagonized by two students at lunch about getting them in trouble for making fun of Plaintiff's private parts to each other. The students also make gestures as if they were going to hit Plaintiff. Diaz was once again informed by Plaintiff's parents of the incident. The incident was reported to AP Blum. Two students were witnesses to the bullying. The school administration told Plaintiff to learn to ignore these comments, that there was no proof that Plaintiff was being bullied, and that Plaintiff and her parents could not know what actions, if any, the administration would take.

h. On September 10, 2016, a student, the same one involved in prior incidents, stuck his tongue out at Plaintiff in a sexually suggestive way repeatedly. Plaintiff reported that to Ms. Alvarez. Ms. Alvarez asked the student if he in fact did what he was accused of, and he admitted he did. Instead of disciplining him, Ms. Alvarez told him that "it's OK, Papa, you're not in trouble, but keep those jokes and games for home." Her statement came after the student admitted not just to the suggestive tongue gestures, but also to having participated in several of the prior incidents that Plaintiff had reported to the school.

i. Plaintiff was also subject to continuous back-handed comments, including multiple comments about Plaintiff's breasts, directed laughter, and unsubstantiated rumors continuously between returning to school in August 2016 and February of 2017.

j. The school's response was clearly unreasonable in light of the known circumstances, as the school took no disciplinary actions against any of the

students who Plaintiff reported had bullied/harassed/intimidated her.

16. Plaintiff has been subject to bullying from students and teachers alike, which have caused and/or exacerbated Plaintiff's symptoms, caused Plaintiff to be hospitalized, suffer from migraines, suffer from PTSD, and caused Plaintiff to fall behind academically.

17. Plaintiff was finally forced to withdraw from school on February 28, 2017 at the recommendation of her doctors due to the psychological and physical trauma that Plaintiff endured.

18. At all relevant times, Defendant failed to promptly and adequately report, investigate, redress, and otherwise respond to its notice that Plaintiff was in danger of sexual abuse and exploitation by harassing students.

19. Notwithstanding the reports of harassment, sexual innuendo, and unwanted touching by fellow classmates at McMillan Middle, Defendant failed to properly protect Plaintiff from these clear dangers.

20. Notwithstanding continued reports from Plaintiff and Plaintiff's parents of harassment from other students, these students were not investigated, and no disciplinary action was ever taken.

21. Defendant knowingly and deliberately exposed Plaintiff to a substantially increased risk of unwarranted and unlawful sexual abuse, exploitation, and harassment by her fellow classmates.

22. At the same time, Defendant knowingly and deliberately created and exacerbated an intimidating, hostile, offensive, and abusive educational environment.

### IV.   CAUSES OF ACTION
### COUNT I

**Violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681**

23. Plaintiff repeats and realleges the allegations in paragraphs 1 through 22 as if fully set forth herein.

24. As a student at McMillan Middle, Plaintiff had the right not to be subjected to sex discrimination, including sexual abuse, molestation, exploitation, and harassment. Plaintiff also had a substantive due process right to, and liberty interest in, her bodily integrity.

25. At all relevant times, Defendant had a duty to provide a safe and nondiscriminatory environment for its students, free from sexual harassment and sexual violence, and to resolve reports or complaints of sexual misconduct promptly, equitably, and adequately.

26. By as early as August 2016, Defendant had actual notice that Plaintiff was subjected to harassing behaviors of other students. This notice alerted and informed Defendant that Plaintiff was at a unique risk to be subject to sexual abuse and battery by other students.

27. Defendant had a duty to promptly and adequately report, and then safeguard its students from the risk of further sexual abuse, molestation, and exploitation by other students, pursuant to federal and Florida law and its own rules, regulations, policies, and procedures. *See, e.g.*, Florida K-20 Education Code, Fla. Stat. § 1000.01 *et seq.*; Florida Educational Equity Act, Fla. Stat. § 1000.05 *et seq.*; the Florida Administrative Code; the State Board of Education Rules; the Rules of the School Board of Miami-Dade County; and the School Board of Miami-Dade County Bylaws & Policies.

28. Each of Defendant's officials, administrators, agents, and employees who received notice of Plaintiff's susceptibility of sexual harassment based on prior accusations, including the Principal, Assistant Principals and teachers of McMillan Middle, had the authority, collectively or individually, to initiate corrective action to remove, monitor, or discipline Plaintiff's classmates as to prevent the risk posed to Plaintiff.

29. Defendant failed to take appropriate action to either remove, discipline or

appropriately supervise the perpetrators.

30.     At all relevant times, Defendant failed to conduct a prompt, impartial, reasonable, reliable, and thorough investigation of the complaints by Plaintiff and Plaintiff's parents by employees trained and experienced in handling sexual discrimination complaints, as well as the applicable federal and Florida laws and Defendant's rules, regulations, policies, and procedures.

31.     At all relevant times, Defendant also failed to establish and institute sufficient corrective measures to safeguard its students from the risk of further sexual abuse, molestation, and exploitation by Plaintiff's fellow students.

32.     At all relevant times, Defendant was deliberately indifferent to the known harassment and sexual statements aimed at Plaintiff.

33.     As a result of Defendant's gross failures to adequately respond to its actual notice of Plaintiff's continued harassment, Plaintiff was sexually assaulted.

34.     As a further result, Plaintiff has suffered, and continues to suffer, substantial injuries, harm, and damages.  This includes, but is not limited to, severe and permanent emotional, psychological, and physical injuries, pain and suffering, depression, fear, anxieties, inability to function normally in social situations, migraines, Post Traumatic Stress Disorder, involuntary body movements, shame, humiliation, and the inability to enjoy a normal life.  Such harms and injuries are continuing and permanent.  Plaintiff has also undergone medical and psychological treatment and incurred medical and other expenses.

WHEREFORE, Plaintiff demands compensatory damages, punitive damages, injunctive relief, attorneys' fees and costs under 42 U.S.C. § 1988, pre- and post-judgment interest, and such other relief as this Court deems just and proper.

## COUNT II

### Violation of 42 U.S.C. § 1983

**(Policy, Practice, and Custom Causing Constitutional Harm)**

35. Plaintiff repeats and realleges the allegations in paragraphs 1 through 34 as if fully set forth herein.

36. Pursuant to the Equal Protection Clause, U.S. Const. amend. XIV, § 1, Plaintiff had a constitutional right to bodily integrity and to be free from sex discrimination, including sexual abuse, molestation, exploitation, and harassment.

37. At all relevant times, Defendant had a duty to provide a safe and nondiscriminatory environment for its students, free from sexual harassment and sexual violence, and to resolve reports or complaints of sexual misconduct promptly, equitably, and adequately. Defendant also had an affirmative constitutional duty to protect Plaintiff's rights, including protecting Plaintiff from sexual abuse and harassment by its agents, students, and employees.

38. At all relevant times, Defendant was the final policymaker for the School District and had the authority to make decisions and/or adopt courses of action in response to complaints about sexual misconduct by its students, agents, and employees.

39. At all relevant times, Defendant had a duty to promptly and adequately report, and then safeguard its students from the risk of further sexual abuse, and exploitation by their fellow students, pursuant to federal and Florida law and its own rules, regulations, policies, and procedures. *See, e.g.*, Florida K-20 Education Code, Fla. Stat. § 1000.01 *et seq.*; Florida Educational Equity Act, Fla. Stat. § 1000.05 *et seq.*; the Florida Administrative Code; the State Board of Education Rules; the Rules of the School Board of Miami-Dade County; and the School Board of Miami-Dade County Bylaws & Policies.

40. Nevertheless, at all relevant times, Defendant had a longstanding policy, practice, and custom of lax investigation and inadequate response to numerous reports that its students had been sexually harassing Plaintiff.

41. At all relevant times, Defendant failed to conduct a prompt, impartial, reasonable, reliable, and thorough investigation of the complaints by Plaintiff and Plaintiff's parents.

42. At all relevant times, Defendant also failed to establish and institute sufficient corrective measures to safeguard Plaintiff from the risk of further sexual abuse, molestation, and exploitation by her fellow classmates. This includes, but is not limited to: (i) Defendant's failure to sufficiently limit, restrict, supervise, and monitor its students behavior, communications, interactions, and relations with Plaintiff; (ii) Defendant's failure to take precautions that were sufficient to prevent further sexual harassment upon Plaintiff by her classmates; and (iii) Defendant's failure to otherwise abide by federal and Florida law and to establish, implement, and abide by sufficient rules, regulations, policies, and procedures with regard to reporting, investigating, documenting, and redressing sexual discrimination.

43. Defendant's longstanding policy, practice, and custom are reflected in its gross failures to adequately investigate and respond to the numerous complaints that Plaintiff was subject to continued and repetitive harassment by fellow classmates.

44. Defendant's official policy, practice, and custom were established with deliberate indifference to their consequences.

45. As a result of Defendant's official policy, practice, and custom, Plaintiff was sexually abused and battered by her fellow classmates.

46. As a further result, Plaintiff has suffered, and continues to suffer, substantial injuries, harm, and damages. This includes, but is not limited to, severe and permanent emotional, psychological, and physical injuries, pain and suffering, depression, fear, anxieties, inability to function normally in social situations, shame, humiliation, and the inability to enjoy a normal life. Such harms and injuries are continuing and permanent. Plaintiff has also undergone medical and psychological treatment and incurred medical and other expenses.

WHEREFORE, Plaintiff demands compensatory damages, punitive damages, injunctive relief, attorneys' fees and costs under 42 U.S.C. § 1988, pre- and post-judgment interest, and such other relief as this Court deems just and proper.

## COUNT III

### Violation of 42 U.S.C. § 1983
### (Deficient Training and Supervisory Practices Causing Constitutional Harm)

47. Plaintiff repeats and realleges the allegations in paragraphs 1 through 46 as if fully set forth herein.

48. Pursuant to the Equal Protection Clause, U.S. Const. amend. XIV, § 1, Plaintiff had a constitutional right to bodily integrity and to be free from sex discrimination, including sexual abuse, molestation, exploitation, and harassment.

49. At all relevant times, Defendant had a duty to provide a safe and nondiscriminatory environment for its students, free from sexual harassment and sexual violence, and to resolve reports or complaints of sexual misconduct promptly, equitably, and adequately. Defendant also had an affirmative constitutional duty to protect Plaintiff's rights, including protecting Plaintiff from sexual abuse by its students, agents, and employees.

50. At all relevant times, Defendant had a duty to adequately train and supervise its agents and employees about the risks of sexual abuse and harassment of students under Defendant's care, pursuant to federal and Florida law and its own rules, regulations, policies, and procedures. *See, e.g.*, Florida K-20 Education Code, Fla. Stat. § 1000.01 *et seq.*; Florida Educational Equity Act, Fla. Stat. § 1000.05 *et seq.*; the Florida Administrative Code; the State Board of Education Rules; the Rules of the School Board of Miami-Dade County; and the School Board of Miami-Dade County Bylaws & Policies.

51. Nevertheless, at all relevant times, Defendant grossly failed to adequately train and

supervise its agents and employees about the risks of sexual abuse and harassment of students under Defendant's care.

52. Indeed, despite being on notice that Plaintiff's fellow students posed a serious danger of sexual misconduct to Plaintiff, Defendant grossly failed to adequately supervise Plaintiff's interactions with other students or respond to Plaintiff's complaints, thereby continuing to allow Plaintiff to be at risk of further sexual harassment and abuse.

53. Defendant had grossly inadequate practices with respect to training its agents and employees to adequately report, investigate, and respond to complaints of sexual misconduct to protect the students under its care from sexual abuse and harassment. This was Defendant's official practice throughout the School District.

54. By establishing and implementing grossly inadequate official practices with respect to training and supervising its agents and employees about the risks of sexual abuse and harassment of students under Defendant's care, Defendant was deliberately indifferent to the constitutional rights of the students to bodily integrity, including the right to be free from sexual abuse.

55. As a result of Defendant's grossly inadequate official policies and practices, Plaintiff was sexually abused and battered by three of her fellow classmates.

56. As a further result, Plaintiff has suffered, and continues to suffer, substantial injuries, harm, and damages. This includes, but is not limited to, severe and permanent emotional, psychological, and physical injuries, pain and suffering, depression, fear, anxieties, inability to function normally in social situations, shame, humiliation, and the inability to enjoy a normal life. Such harms and injuries are continuing and permanent. Plaintiff has also undergone medical and psychological treatment and incurred medical and other expenses.

WHEREFORE, Plaintiff demands compensatory damages, punitive damages, injunctive relief, attorneys' fees and costs under 42 U.S.C. § 1988, pre- and post-judgment interest, and such

other relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

Respectfully submitted,

By: _/s/ Ronald P. Weil_
Ronald P. Weil (FBN 169966)
rweil@weillawfirm.net
Iva U. Ravindran (FBN 60447)
iravindran@weillawfirm.net
**WEIL, SNYDER & RAVINDRAN P.A.**
201 South Biscayne Blvd.
Citigroup Center, Suite 720
Miami, Florida 33131
T: (305) 372-5352
F: (305) 372-5355

*Attorneys for Plaintiff*